UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHILDERS REDIMIX AND CONSTRUCTION SUPPLY INC., | ) ) ) ) | CASE NO. 5:21-cv-2150 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| CONCRETE PLANTS, INC., | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for judgment on the pleadings filed by defendant Concrete Plants, Inc. ("Concrete Plants" or "defendant"). (Doc. No. 15.) Plaintiff Childers Redimix and Construction Supply Inc. ("Childers Redimix" or "plaintiff") filed a memorandum in opposition (Doc. No. 18), and Concrete Plants filed a reply (Doc. No. 19). For the reasons set forth herein, defendant's motion is denied.

**I.    Background**

On October 15, 2021, Childers Redimix filed in the Stark County Court of Common Pleas a complaint against Concrete Plants for unjust enrichment, breach of contract, and declaratory judgment. (Doc. No. 1-1.) On November 12, 2021, Concrete Plants removed the action to this Court on the basis of diversity jurisdiction. On November 19, 2021, Concrete Plants filed its answer and counterclaim. (Doc. No. 5.) Childers Redimix answered the counterclaim on November 30, 2021. (Doc. No. 7.) Following the Case Management Conference held on January 27, 2022, Concrete Plants filed the instant motion.

In its complaint, Childers Redimix alleges that, in the summer of 2017, Concrete Plants' area manager Denny Holmes came to Stark County and met with plaintiff's principal Jesse Childers about selling plaintiff a portable concrete plant consisting of components that defendant would order from manufacturers it represents. Concrete Plants thereafter emailed Childers Redimix a proposal/quotation at a purchase price of $925,000. (Doc. No. 1-1 ¶¶ 3–4 and Ex. 1.) Concrete Plants subsequently emailed revised proposals/quotations with additional terms and, ultimately, a lower purchase price of $895,000. (*Id*. ¶¶ 7, 9 and Exs. 3–5; Doc. No. 5 ¶ 9.)

Childers Redimix alleges, and Concrete Plants admits, that each proposal/quotation was formatted such that plaintiff could accept by signing and returning the proposal. (Doc. No. 1-1 ¶ 5; Doc. No. 5 ¶ 5.) Childers Redimix also alleges that Concrete Plants was then required to countersign and return the proposal to plaintiff if defendant (and the manufacturers it represents) accepted/approved the order. (Doc. No. 1-1 ¶ 5.) Concrete Plants denies it had any obligation to return a countersigned copy in order to finalize the deal and form a contract. (Doc. No. 5 ¶ 5.)

Childers Redimix claims that its principal, Jesse Childers, signed and sent back one of the proposals plaintiff received "to place an order subject to [d]efendant's countersigning its approval/acceptance of the order[,]" but Childers Redimix never received back any countersigned copy from Concrete Plants. (Doc. No. 1-1 ¶ 8.) Concrete Plants admits receiving a signed copy from Childers Redimix, although it denies that the executed copy was in the same form as the proposal in either Ex. 1 or Ex. 2 of the complaint. (Doc. No. 5 ¶ 8.)

There is no dispute that the proposals/quotations required that Childers Redimix pay a portion of the purchase price as a down payment/deposit prior to delivery of the equipment, and that "[i]n September 2017, [p]laintiff wired [d]efendant a total of $185,000[.]" (Doc. No. 1-1 ¶ 11;

*see also e.g.*, Exs. 2–4;[1] Doc. No. 5 ¶ 11.) Childers Redimix alleges that this was "a down payment or deposit in anticipation that the parties would ultimately enter into a binding purchase agreement[.]" (Doc. No. 1-1 ¶ 11.) Concrete Plants characterizes this wire payment as "a partial down payment towards [plaintiff's] purchase as required under the parties' contract." (Doc. No. 5 ¶ 11.)

After this payment was made, the parties allegedly "had little to no communications over the next several years while [p]laintiff unsuccessfully sought approvals from local authorities for installation and operation of a portable concrete plant in Stark County, Ohio." (Doc. No. 1-1 ¶ 12.) Childers Redimix ultimately requested that Concrete Plants return the $185,000, but Concrete Plants has allegedly not responded to the request. (*Id.* ¶ 13.) Concrete Plants admits that it was contacted by plaintiff, who asked for the return of the funds, but Concrete Plants "denies any obligation to return such down payment[.]" (Doc. No. 5 ¶ 13.)

## II.   Standard of Review

Motions for judgment on the pleadings are governed by Fed. R. Civ. P. 12(c). Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although this

---

[1] The complaint also contains an Ex. 5, but it is truncated, not containing anything after "Page 4 of 7."

3

pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (citing authorities).

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

In ruling on a Rule 12(c) motion, the court considers all available pleadings. *See* Fed. R. Civ. P. 12(c). "The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citations omitted).

### III. Discussion

In its motion, Concrete Plants argues that plaintiff's claims must be dismissed as time-barred under the four-year statute of limitations in Ohio Rev. Code § 1302.98(A) that governs a claim for breach of contract for a sale of goods, since, according to defendant, the statute would

4

have begun to run at the latest on September 30, 2017. Defendant further argues that all of plaintiff's claims are governed by this same limitations period. (Doc. No. 15-1 at 3–4.)

In opposition, Childers Redimix argues that it has never claimed that Concrete Plants breached any purported contract on that date in 2017. Rather, plaintiff's claim is that, in October 2021, after the parties had failed to enter into a binding contract for the sale, defendant was unjustly enriched when it refused to honor plaintiff's request for return of the $185,000. (Doc. No. 18 at 4.) Childers Redimix claims that a six-year statute of limitations governs its claim for unjust enrichment, which accrued in October 2021. (*Id.* at 4–5 (citing Ohio Rev. Code § 2305.07).)

The gravamen of Childers Redimix's complaint is a claim for unjust enrichment. *See Radio Parts Co. v. Invacare Corp.*, 897 N.E.2d 228, 234 (Ohio Ct. App. 2008) ("In considering whether a cause of action is time-barred, courts must determine 'the true nature or subject matter of the acts giving rise to the complaint.'") (quoting *Doe v. First United Methodist Church*, 629 N.E.2d 402, 407 (Ohio 1994)). "Courts must consider the 'essential character' of a plaintiff's claim, rather than the form of the pleadings." *Id.* (quoting *Love v. Port Clinton*, 524 N.E.2d 166 (Ohio 1988), syllabus). Here, although the second cause of action is styled as "Breach of Contract," it claims only that defendant "has breached any *purported contract* between the parties by failing to perform its contractual obligations[,]" (Doc. No. 1-1 ¶ 16 (emphasis added)), which suggests that Childers Redimix is challenging the very existence of any contract (*see also id.* ¶ 22(1) (seeking a declaration that there is no binding contract)), and is pursuing instead the first cause of action for unjust enrichment. Therefore, the first and second causes of action in plaintiff's complaint must be seen as pleaded in the alternative (which is permissible),[2] since plaintiff cannot recover on both

---

[2] *See e.g.*, *Mun. Servs. Corp. v. Hall Cmty. Dev. LLC*, No. 2018 AP 12 0042, 2019 WL 345873, at *4 (Ohio Ct. App. July 29, 2019) ("[w]hile it is true that a party may not recover for the same services under both a contractual claim

claims. *See Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 867–68 (S.D. Ohio 2020).

Although the Court agrees that any breach of contract claim herein would be governed by a four-year statute of limitations, at this juncture it is not clear whether there actually was a contract between the parties and, if so, when (or whether) it might have been breached and by whom. Once those issues are established, dismissal of any breach of contract claim for untimeliness *may* be appropriate. But that is for another day, following some discovery.

In addition, should there be no claim for breach of contract, plaintiff's complaint sufficiently states an independent claim for unjust enrichment. Although, in the Court's view, there may still be some question as to when such claim may have accrued,[3] even if it accrued in September 2017 when the payment was made (as opposed to October 2021 when repayment was demanded and refused), the claim would not be time-barred under the six-year statute.

## IV.     Conclusion

For the reasons set forth herein, defendant's motion for judgment on the pleadings (Doc. No. 15) is denied.

**IT IS SO ORDERED**.

Dated: July 11, 2022

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**

---

and a claim for quantum meruit, a party is not barred from seeking alternative theories and recovering under a quantum meruit theory if his contractual claim fails[]") (citations omitted)).

[3] "In Ohio, an unjust enrichment claim does not accrue 'until the last point in time that the plaintiff conferred and a defendant unjustly received a benefit.'" *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 449 (6th Cir. 2014) (quoting *Desai v. Franklin*, 895 N.E.2d 875, 885 (Ohio Ct. App. 2008)). Childers Redimix claims that would be October 2021; but, arguably, it could have been September 2017. Either way, the claim would not be time-barred under a six-year statute of limitations.